RECEIVED
FEB - 6 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-10029 |
| -vs- | JUDGE DRELL |
| EDGAR B. BRANCH | MAGISTRATE JUDGE KIRK |

## RULING and JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 126) suggesting the motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 122) by petitioner Edgar B. Branch ("Mr. Branch") should be granted with respect to his claim that counsel was ineffective for failing to argue improper application of 18 U.S.C. § 1112 ("Section 1112") as amended effective January 7, 2008. In accordance with 28 U.S.C. § 2255, the Court held a hearing on the matter on February 5, 2013 at which were present Seiji Ohashi on behalf of the United States and Kathryn Bloomfield for Mr. Branch. At the hearing, the Court made the following determinations regarding the Magistrate Judge's findings.

To begin, the special assessment of $100 was not waived; we found a fine was waived based on Mr. Branch's financial condition and the length of time he would be incarcerated. However, the $100 special assessment was mandatory and due immediately at the time of sentencing. Accordingly, we do not include this portion of the Report and Recommendation in our Judgment.

Next, the Magistrate Judge suggested defense counsel, Wayne Blanchard, provided ineffective assistance of counsel when he failed to argue against the retroactive application of Section 1112 as amended January 7, 2008. The statutory maximum was presented in the presentence report as fifteen years, and was announced as fifteen years in the Court's sentencing colloquy. All counsel, the probation office, and the Court missed the fact that the amendment had occurred after Mr. Branch's offense but before sentencing.

The Court imposed Mr. Branch's sentence based on plain error for which we take responsibility. See Andrews v. United States, 373 U.S. 334, 339 (1963) ("the provisions of the statute make clear that in appropriate cases a [§] 2255 proceeding can also be utilized to provide a more flexible remedy"). We do not, therefore, adopt that portion of the Report and Recommendation recommending we find Mr. Blanchard provided ineffective assistance of counsel in this regard. Based on the error in the maximum statutory sentence, as announced at the hearing and applying the provisions of § 2255, we have corrected Mr. Branch's sentence to be a term of imprisonment for 96 months, still to be calculated consecutively to his now completed prior sentence. An appropriate amended criminal judgment is being signed to that effect.

Subject to the modifications detailed *supra*, we **ADOPT** the remaining portions of the Report and Recommendation (Doc. 126). His remaining claims for relief in the motion under § 2255 are **DISMISSED**. (Doc. 122). Mr. Branch's Motion for Ruling (Doc. 134) is **MOOT**.

A copy of this Ruling and Judgment, in addition to the amended criminal judgment, shall be furnished to the Bureau of Prisons to aid in his sentence calculation.

SIGNED on this 6th day of February, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT